UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAIKANO TUIPULOTU,<br><br>Defendant. | Case No. 24-cr-00570-JST-1<br><br>**ORDER DENYING MOTION TO REVOKE RELEASE ORDER**<br><br>Re: ECF No. 75 |

Now before the Court is the Government's motion to revoke release order. ECF No. 75.[1] Mr. Tuipulotu opposes the motion. ECF No. 77. The Court temporarily stayed the release order, ECF No. 76, and now will lift the stay and deny the motion, for the reasons set forth below.

**I.    BACKGROUND**

The following factual background is undisputed. *See* ECF No. 75 at 3; ECF No. 77 at 3. Mr. Tuipulotu pled guilty in this case to two counts of bank robbery in violation of 18 U.S.C. § 2113. On February 18, 2024, Magitrate Judge Kandis A. Westmore ordered Mr. Tuipulotu detained pending trial. ECF No. 14. On August 1, 2024, Judge Westmore ordered Mr. Tuipulotu released from custody for placement at Newbridge Foundation to participate in its Residential Dual Diagnosis Program. ECF No. 42. On January 17, 2025, Mr. Tuipulotu transitioned from Newbridge to Options Recovery, a sober living environment in Oakland. ECF No. 60 at 1. On April 15, 2025, Mr. Tuipulotu was involuntarily discharged from Options Recovery "due to continued behavior issues." *Id.* at 2. An Options Recovery representative did "not believe [Mr. Tuipulotu] has any substance abuse issues" but "stated that [he] needs a higher level of mental

---

[1] The Court has determined that the motion can be decided without oral argument. The hearing set for May 23, 2025 is vacated.

health treatment." *Id.* Mr. Tuipulotu's urine sample taken on April 15, 2025 returned negative results for all illicit substances, and a breathalyzer test taken the same day returned negative results for alcohol. *Id.* After he was removed from Options Recovery, Mr. Tuipulotu was ordered to reside at a halfway house. He left the halfway house without permission, was arrested, and has remained in custody since that time. ECF No. 75 at 3.

## II. DISCUSSION

The court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. . . ." 18 U.S.C.§ 3143(a)(1). A person who has been found guilty of a crime of violence[2] "and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In making this determination, Congress has "placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (internal quotations and citation omitted). The Ninth Circuit has "place[d] no limit on the range of matters the district court may consider." *Id.*

The Government argues broadly that "[c]onsidering Defendant's criminal record, the facts of this case, and . . . Defendant's apparent unwillingness to comply with the terms of his release, Defendant is a danger to the community." ECF No. 75 at 2. But as Mr. Tuipulotu observes, he has not been charged or accused of any new crime since his arrest in this case. ECF No. 77 at 5. Moreover, he has attended all court appearances since his arrest, even while he was on release. *Id.* Accordingly, the Court finds that Mr. Tuipulotu is not likely to flee or pose a danger to the safety of the community.

---

[2] The Government contends—and Mr. Tuipulotu does not dispute—that the charges to which he has pled guilty are crimes of violence and thus he must show that exceptional reasons exist. ECF No. 75 at 5; ECF No. 77 at 4.

1   The Court also finds that exceptional reasons exist that make Mr. Tuipulotu's release appropriate. While a defendant's "good conduct" and compliance with release conditions alone "cannot serve as an 'exceptional reason,'" *United States v. Wilson*, No. 3:15-cr-02838-GPC, 2018 WL 295970, at *5 (S.D. Cal. Jan. 4, 2018), Mr. Tuipulotu's remaining drug and alcohol free and compliant with the law during his release, in spite of his serious mental health challenges, reduces the Court's need to address risks to the public safety. It demonstrates that Mr. Tuipulotu's release thus far has largely been a success, apart from his "need [for] a higher level of mental health treatment." ECF No. 60 at 1. In fact, his recent conduct demonstrates that in order to reform his conduct, he needs a different kind and higher level of mental health treatment—of a kind that the local jail will be unable to provide. The Court therefore finds by clear and convincing evidence that the present circumstances constitute exceptional reasons why Mr. Tuipulotu's detention would not be appropriate. *See United States v. Cantrell*, 888 F. Supp. 1055, 1057 (D. Nev. 1995) (finding exceptional reasons where defendant "has been participating in a substance abuse program, and he would benefit more from outpatient treatment at this time than from incarceration").

### III.     CONCLUSION

Accordingly, the Court denies the motion to revoke the release order and lifts its previously issued stay on that order. Defendant Tuipulotu shall be released from the custody of the United States Marshal on Friday, May 23, 2025, by 8:00 a.m. Upon his release from custody, Mr. Tuipulotu shall go directly to the Horizon Services, Inc. - Cronin House residential treatment facility, located at 2595 Depot Rd, Hayward, CA. Mr. Tuipulotu shall remain at the program and comply with the conditions of the program. All other conditions of pretrial release previously imposed shall remain in effect.

**IT IS SO ORDERED.**

Dated: May 22, 2025

_____
JON S. TIGAR
United States District Judge